1  JEREMY W. FAITH (State Bar No. 190647)
   *Jeremy@MarguliesFaithLaw.com*
2  MEGHANN A. TRIPLETT (State Bar No. 268005)
   *Meghann@MarguliesFaithLaw.com*
3  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
4  Encino, California 91436
   Telephone: (818) 705-2777
5  Facsimile:  (818) 705-3777

6  Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

7

8              **UNITED STATES BANKRUPTCY COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
9                    **SANTA ANA DIVISION**

10 | In re | Case No.:  8:17-bk-12746-SC |

11 | | Chapter: 7 |

12 | DU SIK KANG, | **MOTION FOR ORDER AUTHORIZING TRUSTEE TO COMPROMISE** |
13 |                  Debtor. | **CONTROVERSY WITH WELLS FARGO BANK, N.A, MEMORANDUM OF POINTS** |
14 | | **AND AUTHORITIES; DECLARATION IN** |
15 | | **SUPPORT THEREOF** |

16 | | [Fed. Bankr. P. 9019] |

17 | | [No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**                                                    **Page**

I.      **INTRODUCTION** ...............................................................................**3**

II.     **RELEVANT BACKGROUND FACTS** ...................................................**3**

        A.  **The Subject Real Property** ..................................................**3**

        B.  **The Bankruptcy Case** ..........................................................**5**

III.    **ARGUMENT** ....................................................................................**6**

        A.  **Standard for Approval of a Settlement** ...............................**6**

        B.  **The Court Should Approve the Proposed Settlement** ..........**7**

        1. Probability Of Success In Litigation ............................**8**

        2. Any Impediments To Collection ...................................**10**

        3. The Complexity, Expense, Inconvenience And Delay Of Litigation ........**10**

        4. The Interest Of Creditors With Deference To Their Reasonable
           Opinions ...............................................................................**10**

IV.     **CONCLUSION** ................................................................................**11**

DECLARATION OF JEFFREY I. GOLDEN .................................................**12**


1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## CASES                                                                          **Page**

First Bank v. E. W. Bank,
   199 Cal.App.4th 1309, 1314 (2011) ................................................................8

Hamilton v. Consol. Water Co.,
   56 Cal. App. 7, 10-12 (Dist. Ct. App. 1921) ..................................................9

In re A & C Properties,
   784 F.2d 1377 (9th Cir. 1986) ..............................................................7, 8

In re Blair,
   538 F.2d 849, 851-52 (9th Cir. 1976) ........................................................7

In re Carson,
   82 B.R. 847, 852 (Bankr. S.D. Ohio 1987) ..................................................6

In re Ericson,
   6 B.R. 1002, 1005 (D. Minn. 1980) ............................................................6

In re Hydronic Enterprise, Inc.,
   58 B.R. 363, 365 (Bankr. D.R.I. 1986)........................................................6

In re Kim,
   161 B.R. 831, 835 (9th Cir. BAP 1993) ......................................................8

In re Municipal Corrections, LLC,
   501 B.R. 119 (Bankr. N.D. Ga. 2013) ........................................................8

In re Professional Inv. Properties of America,
   955 F.2d 623, 627 (9th Cir. 1992) ..............................................................8

In re Tleel,
   876 F.2d 769, 772 (9th Cir. 1989) ..............................................................8

In re Walsh Construction, Inc.,
   669 F.2d 1325, 1328 (9th Cir. 1982) ..........................................................7

In re Woodson,
   839 F.2d 610, 620 (9th Cir. 1988) ..............................................................7

In re W T Grant Co.,
   699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822, 104 S.Ct.
   89, 78 L.Ed. 2d 97 (1983)..........................................................................7

Kittery Point Partners, LLC v. Bayview Loan Servicing LLC (In re Kittery
   Point Partners, LLC),
   Case No. 17-2065 (Bankr. D. Me. Mar. 12, 2018)......................................8

Pac. Tr. Co. TTEE v. Fid. Fed. Sav. & Loan Ass'n,
   184 Cal. App. 3d 817 (1986) ......................................................................9

**STATUES**                                                                                      **Page**

11 U.S.C. § 544(a)(3) ........................................................................3, 8, 9, 11

**RULES**                                                                                        **Page**

Federal Rules of Bankruptcy Procedure 2002(a)...............................................1

Federal Rules of Bankruptcy Procedure 9019 ..................................................1

Federal Rules of Bankruptcy Procedure 9019(a)...........................................6

Federal Rules of Civil Procedure 12(b)(6) ......................................................3

Local Rules of Bankruptcy Procedure 9013-1(o)(1)........................................1

1  **TO THE HONORABLE SCOTT C CLARKSON, UNITED STATES BANKRUPTCY**

2  **JUDGE:**

3      Jeffrey I. Golden (the "Plaintiff" or "Trustee"), the Chapter 7 Trustee for the estate

4  of Du Sik Kang (the "Debtor") respectfully brings this "Motion for Order Authorizing

5  Trustee to Compromise Controversy with Wells Fargo Bank, N.A." (the "Motion") and

6  moves this Court for an order pursuant to Federal Rule of Bankruptcy Procedure

7  ("F.R.B.P.") 9019 and Local Bankruptcy Rule ("L.B.R.") 9013-1(o)(1) authorizing the

8  compromise of controversy with Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant")

9  (the Trustee and Wells Fargo are collectively referred to as the "Parties") on the terms

10  set forth in the "Stipulation for Entry of Judgment and Compromise of Controversy" (the

11  "Stipulated Agreement") attached to the Motion as <u>Exhibit 1</u> and as more fully described

12  herein.  A copy of the proposed Stipulated Judgment in favor of Wells Fargo is attached

13  as <u>Exhibit 2</u>.

14      In support of this Motion, the Trustee will rely on these moving papers, the

15  attached Memorandum of Points and Authorities; the Declaration of Jeffery I. Golden

16  (the "Golden Decl."); the Notice of the Motion which is served upon all interested parties

17  pursuant to Rule 2002(a) of the Federal Rules of Bankruptcy Procedure; all pleadings

18  and records on file herein; all matters which are subject to judicial notice; and all other

19  evidence which may be introduced at or prior to any hearing on this Motion.[1]

20      Accordingly, the Trustee respectfully requests that the Court enter an order:

21      1.    Granting the Motion;

22      2.    Approving the Stipulated Agreement attached to the Motion as <u>Exhibit 1</u>;

23      3.    Authorizing entry of the Stipulated Judgment in the form as set forth in

24  <u>Exhibit 2</u>;

25      4.    Authorizing and directing the Parties to take any and all steps necessary to

26  effectuate the Agreement; and

27  / / /

28  _____

[1] This Motion was jointly drafted by counsel for Wells Fargo and counsel for the Trustee.

5.    Granting such other and further relief as is just and appropriate in the circumstances.

DATED:  February 26, 2019                    MARGULIES FAITH, LLP

By:___/s/ *Meghann A. Triplett*___
                    Jeremy W. Faith
                    Meghann A. Triplett
            Attorneys for Jeffrey I. Golden,
                    Chapter 7 Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Trustee seeks approval of the Stipulated Agreement and entry of a judgment resolving the Estate's claim against Wells Fargo in the pending adversary *Golden v. Ik Soo Bang, et al.*, Adversary No. 8:18-ap-01112-SC ("Adversary Proceeding").[2]

The Trustee's first amended complaint ("FAC") in the Adversary Proceeding asserts one cause of action against Wells Fargo for avoidance of transfer pursuant to 11 U.S.C. § 544(a)(3).  Wells Fargo filed a Rule 12(b)(6) motion to dismiss the FAC ("Motion to Dismiss").  However, prior to the hearing on the Motion to Dismiss, the Parties entered into settlement negotiations and now desire to settle the matter to avoid the expense and burden of contentious and complex litigation.  The settlement provides for Wells Fargo to pay the Trustee $10,000.00 in exchange for the Trustee entering into a judgment in a form substantially similar to the proposed judgment attached to this Motion as Exhibit 2, recognizing that Wells Fargo's has a valid, secured lien against title to the subject Property (*defined* infra) as of September 11, 2007, with each party to bear his/its own attorneys' fees and costs.

As discussed below, the settlement is fair and equitable.  The Motion should be granted.

## II.

## RELEVANT BACKGROUND FACTS

### A.    The Subject Real Property

On or about May 28, 2004, a Grant Deed was recorded vesting title in real property commonly known as 4361 Pioneer Street, Irvine, CA 92604-2700, Assessor's Parcel Number 449-342-16 ("Property") with Jae Ki Hwang and Il Yong Hwang, husband

---

[2] This compromise does not include the Trustee's claims against the Bang Defendants in the Adversary Proceeding.

and wife as joint tenants.  *See* Request for Judicial Notice filed concurrently herewith ("RJN"), Ex. 1.

On or about April 18, 2007, the Hwangs sold the Property to Ik Soo Bang, a single man ("Bang").  Title to the Property was transferred to Bang pursuant to a Grant Deed recorded on April 18, 2007.  *See* RJN Ex. 2.

On September 11, 2007, a Grant Deed was recorded as Document Number 2007000554660 ("Kang Grant Deed") wherein Bang transferred title to the Property to Du Sik Kang ("Kang" or the "Debtor").  *See* RJN Ex. 3.  However, the Kang Grant Deed contained the wrong lot number in the legal description.  Therefore, the Kang Grant Deed was re-recorded on January 30, 2008, with the correct legal description to confirm title to the Property with Kang ("Corrective Kang Grant Deed").  *See* RJN Ex. 4.  The Corrective Kang Grant Deed expressly states:

> **THIS CONVEYANCE CONFIRMS TITLE TO THE GRANTEE WHO CONTINUE TO HOLD THE SAME INTEREST ACQUIRED ON 9-11-07, DOC #07-554660 WHEREIN $913.00 DOCUMENTARY TRANSFER TAX WAS PAID.  R&T 11911**
>
> THIS IS BEING RECORDED TO CORRECT LEGAL DESCRIPTION HERETO AND MADE APART HEREOF.

On September 11, 2007, concurrently with the Kang Grant Deed, a Deed of Trust was recorded as Document Number 2007000554661 ("Deed of Trust") to secure the repayment of a $664,000.00 loan ("Loan") made by World Savings to Kang.  *See* RJN Ex. 5.  As with the Kang Grant Deed, the Deed of Trust referenced the wrong lot number in the legal description.  Accordingly, on December 5, 2007, the Deed of Trust was re-recorded as Document Number 2007000714058 with the correct legal description attached.  *See* RJN Ex. 6.

On or about September 27, 2007, Kang recorded a Grant Deed ("Second Kang Grant Deed") transferring title of the Property to himself and to Hye Young Bang ("Hye Bang"), a single woman, as joint tenants.  *See* RJN Ex. 7.

On October 4, 2016, Kang and Hye Bang recorded a Grant Deed wherein title was transferred solely to Kang.  *See* RJN Ex. 8.  The next day, another Grant Deed was recorded wherein Kang transferred title to himself (but now as a married man as his sole and separate property) and Hye Bang.  *See* RJN Ex. 9.

On October 18, 2016, Hye Bang recorded a Homestead Declaration with regard to the Property, asserting a 30% interest in the Property.  *See* RJN Ex. 10.

On October 19, 2016, Kang recorded a Homestead Declaration with regard to the Property, asserting a 70% interest in the Property.  *See* RJN Ex. 11.

On December 6, 2016, Hye Bang and Bang recorded a Grant Deed conveying their interest in the Property (i.e., Hye Bang's ½ interest) into The Bang Family Irrevocable Trust, which severed the joint tenancy.  *See* RJN Ex. 12.  A certification of trust was recorded concurrently.  *See* RJN Ex. 13.

The Trustee has determined that the Debtor's transfers of the Property to the Bangs are avoidable fraudulent transfers and continues to litigate the claims against the Bangs in the Adversary Proceeding.

### B.    The Bankruptcy Case

The Debtor commenced this case by the filing of a voluntary petition under chapter 7 of the Bankruptcy Code on July 11, 2017 (the "Petition Date").  Thereafter, the Trustee was appointed as the Chapter 7 Trustee for the Debtor's bankruptcy estate in which capacity he continues to serve.

The Debtor listed the Property on his bankruptcy Schedule A/B and listed the Loan with Wells Fargo on his Schedule D.  *See* RJN Ex. 14 and 15 respectively.  Wells Fargo informed the Trustee that the total amount due under the Loan as of October 31, 2018, is $553,585.46.  The Trustee has determined that there is substantial equity in the Property above Wells Fargo's secured lien.  Pursuant to the public records, the Property is a single family residence located in Irvine, California.  It was last sold/bought in September 2007, for $830,000.00.  The publicly available estimates of the value of the Property exceed $900,000.00.

1    The total amount of the unsecured claims filed in the bankruptcy case is

2  $27,714.62, and the claims bar date has passed.

3    On June 18, 2018, the Trustee filed the Adversary Proceeding asserting five

4  causes of action concerning the Estate's interest in the Property: (1) avoidance of

5  transfers voidable by a bona fide purchaser of real property (11 U.S.C. § 544(a)(3)), (2)

6  avoidance of actual fraudulent transfer (11 U.S.C. § 548(a)(1)(A)), (3) avoidance of

7  constructive fraudulent transfer (11 U.S.C. § 548(a)(1)(B)), (4) recovery of avoided

8  transfers (11 U.S.C. § 550), and (5) turnover (11 U.S.C. § 542(a)).  Only the first cause

9  of action is against Wells Fargo.  The remaining causes of action are against the Bang

10  Defendants seeking avoidance of the Debtor's transfer of the Property as detailed in the

11  FAC.  The Trustee must also prevail in avoiding the Debtor's transfer of the Property of

12  the Bangs prior to selling the Property.

13    **III.**

14    **ARGUMENT**

15    A.  **Standard for Approval of a Settlement**

16    The authority granted to a trustee to compromise a controversy is set forth in

17  Fed.R.Bankr.P. 9019(a), which provides in relevant part that, "[on motion by the trustee

18  and after notice and a hearing, the court may approve a compromise or settlement."  The

19  decision to accept or reject a settlement lies within the sound discretion of the

20  Bankruptcy Court.  *In re Carson*, 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987); *In re*

21  *Ericson*, 6 B.R. 1002, 1005 (D. Minn. 1980); *In re Hydronic Enterprise, Inc.*, 58 B.R. 363,

22  365 (Bankr. D.R.I. 1986).

23    The Ninth Circuit has held that, in considering a proposed settlement, the court

24  should consider these factors:

25      (a)  [t]he probability of success in the litigation; (b) the
        difficulties, if any, to be encountered in the matter of
        collection; (c) the complexity of the litigation involved, and the
26      expense, inconvenience and delay necessarily attending it;
        (d) the paramount interest of the creditors and a proper
27      deference to their reasonable views in the premises.

28

1   *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988) (*quoting In re A & C Properties*, 784

2   F.2d 1377, 1381 (9th Cir. 1986) (citation omitted)).

3         In reviewing a proposed settlement, a court is not "to decide the numerous

4   questions of law and fact . . . but rather to canvass the issues and see whether the

5   settlement 'fall[s] below the lowest point in the range of reasonableness.'"  *In re W T*

6   *Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822, 104 S.Ct. 89,

7   78 L.Ed. 2d 97 (1983).  A "mini-trial" on the merits of the underlying cause of action is not

8   required and should not be undertaken.  *In re Walsh Construction, Inc.*, 669 F.2d 1325,

9   1328 (9th Cir. 1982); *In re Blair*, 538 F.2d 849, 851-52 (9th Cir. 1976).

10        From an analysis of the foregoing factors, the Court should conclude that the

11  terms of the settlement are fair and equitable, and well within the range of

12  reasonableness.

13        **B.  The Court Should Approve the Proposed Settlement**

14        The Trustee has determined in his business judgment that the Stipulated

15  Agreement, is fair and equitable, and is in the best interest of the Estate and its creditors.

16  The proposed settlement as contemplated by the Stipulated Agreement provides for

17  payment of $10,000.00 to the Estate, and resolves the disputes between the Trustee

18  and Wells Fargo by allowing Wells Fargo its secured lien against the Property which has

19  substantial equity above Wells Fargo's secured lien.  Additionally, the Stipulated

20  Agreement does not negatively affect the Estate because there appears to be

21  substantial equity in the subject Property such that all creditors will be paid off through a

22  sale even after taking into account Wells Fargo's secured interests.  Moreover, any sale

23  of the Property and/or disbursement of proceeds to the creditors may be delayed

24  pending the outcome in the Trustee's claim against Wells Fargo.

25        As set forth below, this settlement satisfies each of the Ninth Circuit's elements for

26  approval of a settlement as set forth in *A&C Properties*.

27  / / /

28  / / /

## 1. Probability of Success in Litigation

The first factor bankruptcy courts look to in considering approval of a settlement is the probability of success in the litigation.  The Stipulated Agreement allows the Trustee to settle with Wells Fargo, and avoid the risks of further litigation.  As discussed above, the Trustee's sole cause of action against Wells Fargo in the Adversary Proceeding, seeks avoidance of the Deed of Trust pursuant to Section 544(a)(3).  The basis of the Trustee's Section 544(a)(3) claim is that the Deed of Trust was outside of the chain of title because the Debtor did not have record title to the Property at the time the Deed of Trust was recorded.  FAC, ¶ 27.  The Trustee contends that, because the Deed of Trust was recorded outside the chain of title,  transfers subsequent to the September 2007 Deed of Trust may be avoided by the Trustee pursuant to Section 544(a)(3) because he stands in the shoes of a hypothetical bona fide purchaser as of the date of Kang's bankruptcy filing.  FAC, ¶¶ 28-29.  While the Trustee believes he may have a chance of succeeding on this claim, there is no guarantee that he will prevail.

There is an argument under applicable non-bankruptcy law that the Trustee is not a bona fide purchaser.  State law determines whether a party is a bona fide purchaser. *In re Professional Inv. Properties of America*, 955 F.2d 623, 627 (9th Cir. 1992) ("*Professional Inv. Properties*").  To be a bona fide purchaser in California, a buyer must purchase the property:  (1) in good faith for value; and (2) without actual or constructive notice of another's rights.  *First Bank v. E. W. Bank*, 199 Cal.App.4th 1309, 1314 (2011); *In re Tleel*, 876 F.2d 769, 772 (9th Cir. 1989).  For purposes of Section 544, a trustee will not be a hypothetical bona fide purchaser if she has been put on constructive or inquiry notice.  *See In re Kim*, 161 B.R. 831, 835 (9th Cir. BAP 1993).  A hypothetical bona fide purchaser under Section 544(a)(3) is deemed to have conducted a title search and cannot avoid claims of which he would have constructive notice at state law.  *See Kittery Point Partners, LLC v. Bayview Loan Servicing LLC (In re Kittery Point Partners, LLC)*, Case No. 17-2065 (Bankr. D. Me. Mar. 12, 2018) ("*Kittery Point*"); *In re Municipal Corrections, LLC*, 501 B.R. 119 (Bankr. N.D. Ga. 2013).  Thus, the relevant inquiry here

is whether the Trustee was put on constructive or inquiry notice of the Subject Deed of Trust.

Here, Kang purchased the Property on or about September 11, 2007.  In connection therein, the Kang Grant Deed was recorded but contained the wrong lot number in the legal description.  RJN Ex. 4.  The Kang Grant Deed was then re-recorded on January 30, 2008, with the correct legal description (the Corrective Kang Grant Deed).  RJN Ex. 5.  The face of the Corrective Kang Grant Deed expressly states:

> **THIS CONVEYANCE CONFIRMS TITLE TO THE GRANTEE WHO CONTINUE TO HOLD THE SAME INTEREST ACQUIRED ON 9-11-07, DOC #07-554660 WHEREIN $913.00 DOCUMENTARY TRANSFER TAX WAS PAID.  R&T 11911**
>
> THIS IS BEING RECORDED TO CORRECT LEGAL DESCRIPTION HERETO AND MADE APART HEREOF.

*Id.*

The Corrective Kang Grant Deed references the date of the original recording, the instrument number, and that it is being recorded to correct the legal description.  *Id.* Accordingly, under California law the Trustee may be determined to have been on constructive notice of the Kang Grant Deed and the Corrective Kang Grant Deed, and subject to the provisions of both documents.  *See Hamilton, supra*, 56 Cal.App. at 10-12. The Trustee is then on constructive notice of the Deed of Trust.  *Pacific Trust Co. TTEE, supra*, 184 Cal.App.3d at 825.

For these reasons, there is a substantial risk that the Trustee could be deemed to have notice of Wells Fargo's interests in the Property, and the Trustee would not be able to establish that he is a bona fide purchaser.  Accordingly, the Trustee has determined in his best business judgment that the probabilities of success in the Adversary Proceeding against Wells Fargo on the Section 544(a)(3) claim supports the settlement achieved by the Agreement.

/ / /

/ / /

**2.**    **Any Impediments to Collection**

While the Trustee does not anticipate collection issues should he prevail against Wells Fargo, there is a question of whether litigating the case to obtain a judgment is an efficient and beneficial use of the estate's assets because as discussed above, there is substantial equity in the Property above Wells Fargo's secured lien.  Thus, even assuming arguendo the Trustee prevails and Wells Fargo loses its lien against the Property, Wells Fargo would be paid as an unsecured creditor for the balance on the Loan due to the substantial equity in the Property.

**3.**    **The Complexity, Expense, Inconvenience, and Delay of Litigation**

On the other hand, there will be considerable expense, inconvenience and delay if the Trustee litigates this case to judgment.  The issues in the case involve the application of both bankruptcy and California state law, and possible conflicts between the two.  Wells Fargo has stated that it will put on a strong defense and go forward with trial and an appeal, if necessary.  This may substantially delay a sale of the Property and/or disbursements to the creditors pending the outcome of the litigation.  Moreover, discovery has shown that Wells Fargo has substantial defenses, and there is no guarantee that the Trustee would prevail.  As explained above, expenses of continued litigation against Wells Fargo will exceed any additional benefit that might be achieved.

Based thereon, the Trustee believes the proposed settlement and compromise is the most expedient and cost effective method for resolving the issues with the Wells Fargo and collecting money for the Estate.

**4.**    **The Interest of Creditors With Deference to Their Reasonable Opinions**

The proposed settlement avoids the risk and cost of continued litigation against Wells Fargo, and allows the Trustee to preserve resources by reducing litigation costs and at the same time enhancing the value of the Estate by generating funds with which to pay the Estate's creditors.  As noted above, there is a high probability of Wells Fargo's success in defeating the Trustee's claim in the Adversary Proceeding.  Moreover, the

1    Estate will receive minimal benefit if the Trustee prevails against Wells Fargo because

2    there appears to be substantial equity in the Property such that unsecured creditors will

3    receive a substantial and potentially 100% distribution through a sale of the Property

4    even after taking into account Wells Fargo's secured interests.  Moreover, the sale

5    and/or payment to the creditors may be delayed pending the outcome in the Trustee's

6    claim against Wells Fargo, and the Trustee has determined that the Stipulated

7    Agreement is in the best interests of the creditors.

8    　　　　The compromise was negotiated at arm's length and in good faith, and is the

9    product of extensive discussions by Parties through their respective counsel.  The

10   Trustee has considered the merits of Wells Fargo's arguments and the related risks

11   inherent in litigating the 11 U.S.C. § 544(a)(3) claim , and believes that approval of the

12   Stipulated Agreement is in the best interests of the Estate.

13   **IV.**

14   **<u>CONCLUSION</u>**

15   　　　　Based on the foregoing, the Trustee respectfully requests that the Court enter an

16   order:

17   　　　1.　　　Granting this Motion;

18   　　　2.　　　Approving the Stipulated Agreement attached as <u>Exhibit 1</u> to the Motion;

19   　　　3.　　　Approving the Stipulated Judgment in the form as set forth in <u>Exhibit 2</u> to

20   　　　　　　　the Motion;

21   　　　4.　　　Authorizing the Trustee to take all steps necessary to consummate the

22   　　　　　　　terms and conditions of the Agreement; and

23   　　　5.　　　Providing such further and other relief as is just and necessary.

24
25   DATED:  February 26, 2019　　　　　　　MARGULIES FAITH, LLP

26   　　　　　　　　　　　　　　　　By:　 */s/ Meghann A. Triplett*
27   　　　　　　　　　　　　　　　　　　　Jeremy W. Faith
　　　　　　　　　　　　　　　　　　　　Meghann A. Triplett
28   　　　　　　　　　　　　　　　　　　　Attorneys for Jeffrey I. Golden,
　　　　　　　　　　　　　　　　　　　　Chapter 7 Trustee

11

## DECLARATION OF JEFFREY I. GOLDEN

I, Jeffrey I. Golden, declare as follows:

1.      I am the duly-appointed, qualified and acting Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Du Sik Kang (the "Debtor").

2.      I make this declaration in support of the "Motion for Order Authorizing Trustee to Compromise Controversy with Wells Fargo Bank, N.A." pursuant to Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 9019 and Local Bankruptcy Rule ("L.B.R.") 9013-1(o)(1) (the "Motion").  I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto.  Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Motion.

3.      By the attached Motion, I am requesting authority to enter into and consummate the "Stipulation for Entry of Judgment and Compromise of Controversy" (the "Stipulated Agreement") in the pending adversary *Golden v. Ik Soo Bang, et al.*, Adversary No. 8:18-ap-01112-SC ("Adversary Proceeding").  A true and correct copy of the Stipulated Judgment is attached hereto as Exhibit 1.

4.      The settlement provides for Wells Fargo to pay the Estate $10,000.00 in exchange for entering into a judgment in a form substantially similar to the proposed judgment attached to this Motion as Exhibit 2, recognizing that Wells Fargo's has a valid, secured lien against title to the subject Property (*defined* infra) as of September 11, 2007, with each party to bear his/its own attorneys' fees and costs.

5.      The compromise does not include my claims against the Bang Defendants in the Adversary Proceeding.

6.      A request for Judicial Notice (the "RJN") is being filed concurrently with the Motion identifying the relevant title documents for the various transfers of the subject real property located at 4361 Pioneer Street, Irvine, CA 92604-2700, APN 449-342-16 ("Property") which premise the claims in the Adversary Proceeding.

7.     As reflected on the Bankruptcy Court Docket, the Debtor commenced this Case by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code on July 11, 2017 (the "Petition Date").  Thereafter, I was appointed as the Chapter 7 Trustee for the Debtor's Estate in which capacity I continue to serve.

8.     The Debtor listed the Property on his bankruptcy Schedule A/B and listed the Loan with Wells Fargo on his Schedule D.  *See* RJN Ex. 15.

9.     Wells Fargo informed my counsel that the total amount due under the Loan as of October 31, 2018, is $553,585.46.

10.     Based on my review of the public records and after conferring with an independent real estate broker and my bankruptcy counsel, I have determined that there is substantial equity in the Property above Wells Fargo's secured lien.  Pursuant to the public records, the Property is a single family residence located in Irvine, California.  It was last sold/bought in September 2007, for $830,000.00.  The publicly available estimates of the value of the Property exceed $900,000.00.

11.     As reflected on the claims register, the total amount of the unsecured claims filed in the bankruptcy case as of the filing of the Motion is $27,714.62, and the claims bar date has passed.

12.     On June 18, 2018, by and through my counsel in this Case, I filed a the Adversary Proceeding asserting five causes of action concerning the Estate's interest in the Property: (1) avoidance of transfers voidable by a bona fide purchaser of real property (11 U.S.C. § 544(a)(3)), (2) avoidance of actual fraudulent transfer (11 U.S.C. § 548(a)(1)(A)), (3) avoidance of constructive fraudulent transfer (11 U.S.C. § 548(a)(1)(B)), (4) recovery of avoided transfers (11 U.S.C. § 550), and (5) turnover (11 U.S.C. § 542(a)).

13.     The first amended complaint ("FAC") in the Adversary Proceeding asserts one cause of action against Wells Fargo for avoidance of transfer pursuant to 11 U.S.C. § 544(a)(3).  The remaining causes of action are against the Bang Defendants seeking avoidance of the Debtor's transfer of the Property as detailed in the FAC.

14.     In response to the FAC, Wells Fargo filed a Rule 12(b)(6) motion to dismiss the FAC ("Motion to Dismiss").  However, prior to the hearing on the Motion to Dismiss, the Parties entered into settlement negotiations and now desire to settle the matter to avoid the expense and burden of contentious and complex litigation.

15.     In light of the uncertainties of litigation, and the strong defenses presented by Wells Fargo, after conferring with my bankruptcy counsel I have determined in my best business judgment that the probabilities of success in the Adversary Proceeding against Wells Fargo on the Section 544(a)(3) claim supports the settlement achieved by the Agreement.  The Stipulated Agreement also generates $10,000 for the Estate.

16.     Absent this compromise, there will be considerable expense, inconvenience and delay in order to litigate the Section 544(a)(3) claim against Wells Fargo to judgment which expenses would be borne by the Estate.  The issues in the case involve the application of both bankruptcy and California state law, and possible conflicts between the two.  I am informed by my counsel that Wells Fargo has stated that it will put on a strong defense and go forward with trial and an appeal, if necessary.  This may substantially delay a sale of the Property and/or disbursements to the creditors pending the outcome of the litigation.

17.     I have exercised my best business judgment in reaching the proposed compromise contained in the Stipulated Agreement.  The Agreement maximizes the recovery to the Estate by minimizing the risk of litigation and providing for a definite and expedient recovery to the Estate.

18.     The Stipulated Agreement was negotiated at arms' length and is the product of the Parties' negotiations and ultimate cooperative resolution.  I negotiated the Stipulated Agreement through counsel, taking into account, among other things, the risk and costs of further administration and litigation in this Case, and the recovery for the Estate.

1    19.    Based the foregoing, I believe that proposed settlement and compromise is

2  fair, equitable, and reasonable and is the most expedient and cost effective method for

3  resolving the issues with Wells Fargo and collecting money for the Estate.

4        I declare under penalty of perjury under the laws of the United States of America

5  that the foregoing is true and correct and that this declaration was executed on February

6  26, 2019, at Costa Mesa, California.

7

8                                                        _____

9                                                              Jeffrey I. Golden

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

**FIDELITY NATIONAL LAW GROUP**
SHERI M. KANESAKA (SBN 240053)
4 Executive Circle, Suite 270
Irvine, California 92617
Telephone: (949) 255-9973
Facsimile: (213) 438-4417
Email: Sheri.Kanesaka@fnf.com

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
erroneously sued as Wells Fargo & Company, a California corporation

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re DU SIK KANG, | Case No.: 8:17-bk-12746-SC |
| Debtor. | Chapter 7 |
| | **Adversary Proceeding:** 8:18-ap-01112-SC |
| JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE, | Hon. Scott C Clarkson |
| Plaintiff, | |
| v. | **STIPULATION FOR ENTRY OF JUDGMENT AND COMPROMISE OF CONTROVERSY** |
| IK SOO BANG, an individual; HYE YOUNG BANG, an individual; and IK SOO BANG, HYE YOUNG BANG, as trustees of the BANG IRREVOCABLE TRUST; and WELLS FARGO & COMPANY, A CALIFORNIA CORPORATION, | |
| Defendants. | |

1

STIPULATION FOR ENTRY OF JUDGMENT AND COMPROMISE OF CONTROVERSY

Exhibit 1                                    Page 16

**TO THE HONORABLE SCOTT C CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

This Stipulation for Entry of Judgment and Compromise of Controversy ("Stipulation") is entered into by and between plaintiff Jeffrey I. Golden, Chapter 7 Trustee ("Trustee" or "Plaintiff") and defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), as follows.  Collectively, the Trustee and Wells Fargo shall be referred to as the "Parties" and each a "Party."

<div align="center">

**RECITALS**

</div>

WHEREAS, on June 18, 2018, the Trustee filed a complaint initiating the above-captioned adversary proceeding ("Adversary Proceeding") against, among others, defendant Wells Fargo Bank, N.A., erroneously sued as Wells Fargo & Company, a California corporation ("Wells Fargo" or "Defendant").

WHEREAS, the Trustee's sole cause of action against Wells Fargo as set forth in the Trustee's first amended complaint ("FAC") is for avoidance of transfer pursuant to 11 U.S.C. § 544(a)(3).

WHEREAS, the Parties' disputes involve the extent and nature of Wells Fargo's interests in and to the real property commonly known as 4361 Pioneer Street, Irvine, CA 92604-2700, Assessor's Parcel Number 449-342-16 ("Property").  The Property is legally described as follows:

PARCEL 1:

LOT 16 OF TRACT NO. 7302, IN THE CITY OF IRVINE, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 316 PAGES 10, 11 AND 12 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE WITHIN OR UNDER THE PARCEL OF LAND HEREINABOVE DESCRIBED, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN SAID LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF SAID LAND, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED

2

WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES, WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE AND OPERATE THROUGH THE SURFACE OF THE UPPER 500 FEET OF THE SUBSURFACE OF SAID LAND AS RESERVED IN THE DEED RECORDED SEPTEMBER 29, 1975 IN BOOK 11522 PAGE 1516, OFFICIAL RECORDS.

PARCEL 2:

A NON-EXCLUSIVE APPURTENANT EASEMENT FOR THE PURPOSES AS SET FORTH IN AND OVER THE LAND DESCRIBED IN ARTICLE V, SECTION 1 OF THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED MAY 20, 1971 IN BOOK 9647 PAGE 387, OFFICIAL RECORDS, AS IMPOSED BY NOTICE OF COVENANTS, CONDITIONS AND RESTRICTIONS, RECORDED ON MARCH 28, 1973 IN BOOK 10616 PAGE 164, OFFICIAL RECORDS OF SAID ORANGE COUNTY.

WHEREAS, Wells Fargo claims a secured lien against title to the Property pursuant to, among other things, a promissory note and a recorded deed of trust.

WHEREAS, on or about August 31, 2007, World Savings Bank, FSB ("World Savings") loaned the debtor Du Sik Kang ("Kang") $664,000.00 ("Loan") as a purchase money loan enabling Kang to purchase the Property.

WHEREAS, World Savings was acquired by Wachovia Corporation, which was then acquired by Wells Fargo & Company. In turn, Wells Fargo & Company assigned the Loan and loan documents to Wells Fargo.

WHEREAS, as consideration for the Loan, Kang, among other things, executed and delivered to World Savings a deed of trust to be recorded against title to the Property. The recorded deed of trust secures the repayment of the Loan.

WHEREAS, this deed of trust was initially recorded on September 11, 2007 as Document #2007000554661, and later re-recorded on December 5, 2007 as Document #2007000714058 to include the correct legal description of the Property (collectively, the "Deed of Trust").

WHEREAS, the grant deed transferring title of the Property to Kang was initially recorded on September 11, 2007 as Document #07-554660, and later re-recorded on January 30, 2008 as

STIPULATION FOR ENTRY OF JUDGMENT AND COMPROMISE OF CONTROVERSY

Exhibit 1    Page 18

1  Document #2008000044516 to include the correct legal description of the Property (collectively, the

2  "Grant Deed").

3  WHEREAS, it is the intent of the Parties to this Stipulation to resolve the Adversary

4  Proceeding as between the Parties pursuant to the terms noted below.

5  **AGREEMENT**

6  NOW, THEREFORE, in consideration of the above Recitals and the mutual covenants

7  hereinafter set forth, and subject to Court approval, the Parties hereby agree and stipulate as follows:

8  1.    In exchange for the Trustee's agreement to enter into a Judgment with the provisions

9  noted below, Wells Fargo shall pay the Trustee the total amount of Ten Thousand Dollars

10  ($10,000.00) ("Settlement Payment").   The Settlement Payment shall be tendered to the Trustee

11  within twenty-one (21) days after (1) Wells Fargo's counsel receives an executed W-9 from the

12  payee, and (2) an order approving a Rule 9019 joint motion for approval of compromise of

13  controversy is entered and final.

14  2.    The Judgment shall include the following provisions (or with similar wording):

15  (a)    On the first cause of action in the Trustee's FAC for avoidance of transfer pursuant to

16  11 U.S.C. § 544(a)(3), judgment is entered in favor of Wells Fargo and against the Trustee;

17  (b)    The Trustee is not a hypothetical bona fide purchaser with regard to Wells Fargo's

18  interests in the Property within the meaning of 11 U.S.C. § 544(a)(3) and applicable California law;

19  (c)    The Deed of Trust and the Grant Deed provide actual, constructive, and inquiry

20  notice to, among others, the Trustee, of Wells Fargo's interests in the Property as of December 5,

21  2007, and January 30, 2008, respectively, when the Deed of Trust and Grant Deed were re-recorded;

22  (d)    Wells Fargo has a valid, secured lien against 100% of the title to the Property as of

23  September 11, 2007, pursuant to, among other things, (i) the Deed of Trust recorded on September

24  11, 2007 as Document #2007000554661, and later re-recorded on December 5, 2007 as Document

25  #2007000714058, (ii) the Grant Deed recorded on September 11, 2007 as Document #07-554660,

26  and later re-recorded on January 30, 2008 as Document #2008000044516, and (iii) the "after-

27  acquired" or "subsequently acquired" doctrine pursuant to California Civil Code § 1106 and

28  applicable California law;

4

STIPULATION FOR ENTRY OF JUDGMENT AND COMPROMISE OF CONTROVERSY

Exhibit 1                                                    Page 19

1      (e)    The Deed of Trust is senior and superior to any other liens which may be recorded

2  against title to the Property after September 11, 2007;

3      (f)    A certified copy of the Judgment may be recorded by Wells Fargo in the Official

4  Records of the Recorder's Office of Orange County; and

5      (g)    Each Party shall bear its/his own attorneys' fees and costs.

6  IT IS SO STIPULATED.

7

8  DATED: ___Jan. 29___, 2018    By: _____

9                                      JEFFREY I. GOLDEN, CHAPTER 7
                                           TRUSTEE

10

11  DATED: _____, 2017    _____

12                                   By: _____
                                   Its: _____

13

14                                    WELLS FARGO BANK, N.A.

15

16  Approval as to form and content:

17  DATED: December __, 2018    **FIDELITY NATIONAL LAW GROUP**

18

19                                   By: _____
                                     Sheri M. Kanesaka, Esq.

20                                      Attorneys for Defendant
                                      WELLS FARGO BANK, N.A.

21

22  DATED: ~~December~~ 29, 2018    **MARGULIES FAITH LLP**

23

24                                   By: _____
                                     JEREMY W. FAITH, Esq.

25                                      NOREEN A. MADOYAN, Esq.
                                      Attorneys for Plaintiff

26                                      JEFFREY I. GOLDEN, CHAPTER 7
                                      TRUSTEE

27

28

STIPULATION FOR ENTRY OF JUDGMENT AND COMPROMISE OF CONTROVERSY

Exhibit 1                                    Page 20

1        (e)     The Deed of Trust is senior and superior to any other liens which may be recorded

2    against title to the Property after September 11, 2007;

3        (f)     A certified copy of the Judgment may be recorded by Wells Fargo in the Official

4    Records of the Recorder's Office of Orange County; and

5        (g)     Each Party shall bear its/his own attorneys' fees and costs.

6        IT IS SO STIPULATED.

7

8    DATED: _____, 2018          By: _____

9                                               JEFFREY I. GOLDEN, CHAPTER 7
                                                TRUSTEE
10

11   DATED: 12| 13| , 2018          By: *Brenda Lee DeLauter* 12/13/2018
                   ~~2017~~              By: Brenda Lee DeLauter
12
                                         Its: VP Loan Documentation
13
                                               WELLS FARGO BANK, N.A.
14

15

16   Approval as to form and content:

17   DATED: December 13, 2018          **FIDELITY NATIONAL LAW GROUP**

18                                      By: _____

19                                          Sheri M. Kanesaka, Esq.
                                            Attorneys for Defendant
20                                          WELLS FARGO BANK, N.A.

21

22   DATED: December __, 2018          **MARGULIES FAITH LLP**

23

24                                      By: _____
                                            JEREMY W. FAITH, Esq.
25                                          NOREEN A. MADOYAN, Esq.
                                            Attorneys for Plaintiff
26                                          JEFFREY I. GOLDEN, CHAPTER 7
                                            TRUSTEE
27

28

                                            5

                 STIPULATION FOR ENTRY OF JUDGMENT AND COMPROMISE OF CONTROVERSY

Exhibit 1                              Page 21

Exhibit 2

1

2

3

4

5

6

7

8                          **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10

11

12   In re DU SIK KANG,                         Case No.: 8:17-bk-12746-SC

13                 Debtor.                       Chapter 7

14                                               Adversary Proceeding: 8:18-ap-01112-SC

15   JEFFREY I. GOLDEN, CHAPTER 7
     TRUSTEE,                                    **JUDGMENT PER STIPULATION**
16
                   Plaintiff,
17
     v.
18
     IK SOO BANG, an individual; HYE YOUNG
19   BANG, an individual; and IK SOO BANG, HYE
     YOUNG BANG, as trustees of the BANG
20   IRREVOCABLE TRUST; and WELLS FARGO
     & COMPANY, A CALIFORNIA
21   CORPORATION,

22                 Defendants.

23

24

25

26

27

28

                                          1

                      Exhibit 2                                Page 22

1    The Court, having considered the Stipulation for Entry of Judgment ("Stipulation") filed by

2   plaintiff Jeffrey I. Golden, Chapter 7 Trustee ("Trustee" or "Plaintiff") and defendant Wells Fargo

3   Bank, N.A. ("Wells Fargo" or "Defendant"), and having considered all pleadings and documents

4   filed in the case, and good cause appearing thereto,

5    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

6    1.    This judgment pertains to real property commonly known as 4361 Pioneer Street,

7   Irvine, CA 92604-2700, Assessor's Parcel Number 449-342-16 ("Property").  The Property is legally

8   described as follows:

9    PARCEL 1:

10   LOT 16 OF TRACT NO. 7302, IN THE CITY OF IRVINE, COUNTY OF
    ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
11   BOOK 316 PAGES 10, 11 AND 12 OF MISCELLANEOUS MAPS, IN THE
    OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
12
    EXCEPTING THEREFROM ALL OIL, OIL RIGHTS, MINERALS,
13   MINERAL RIGHTS, NATURAL GAS RIGHTS, AND OTHER
    HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE
14   WITHIN OR UNDER THE PARCEL OF LAND HEREINABOVE
    DESCRIBED, TOGETHER WITH THE PERPETUAL RIGHT OF
15   DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND
    STORING IN AND REMOVING THE SAME FROM SAID LAND OR
16   ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR
    DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN
17   SAID LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO,
    THROUGH OR ACROSS THE SUBSURFACE OF SAID LAND, AND TO
18   BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED
    WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR
19   BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL,
    RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE
20   ANY SUCH WELLS OR MINES, WITHOUT, HOWEVER, THE RIGHT
    TO DRILL, MINE, STORE, EXPLORE AND OPERATE THROUGH THE
21   SURFACE OF THE UPPER 500 FEET OF THE SUBSURFACE OF SAID
    LAND AS RESERVED IN THE DEED RECORDED SEPTEMBER 29,
22   1975 IN BOOK 11522 PAGE 1516, OFFICIAL RECORDS.

23   PARCEL 2:

24   A  NON-EXCLUSIVE  APPURTENANT  EASEMENT  FOR  THE
    PURPOSES AS SET FORTH IN AND OVER THE LAND DESCRIBED IN
25   ARTICLE V, SECTION 1 OF THAT CERTAIN DECLARATION OF
    COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED MAY
26   20, 1971 IN BOOK 9647 PAGE 387, OFFICIAL RECORDS, AS IMPOSED
    BY NOTICE OF COVENANTS, CONDITIONS AND RESTRICTIONS,
27   RECORDED ON MARCH 28, 1973 IN BOOK 10616 PAGE 164,
    OFFICIAL RECORDS OF SAID ORANGE COUNTY.

28

JUDGMENT PER STIPULATION

Exhibit 2                    Page 23

2.      On the first cause of action in the Trustee's first amended complaint ("FAC") for avoidance of transfer pursuant to 11 U.S.C. § 544(a)(3), judgment is entered in favor of Wells Fargo and against the Trustee.  The Trustee is not a hypothetical bona fide purchaser with regard to Wells Fargo's interests in the Property within the meaning of 11 U.S.C. § 544(a)(3) and applicable California law.

3.      Wells Fargo has a valid, secured lien against 100% of the title to the Property as of September 11, 2007, pursuant to, among other things, (a) a deed of trust to secure the repayment of a $664,000.00 purchase money loan ("Loan") made by Wells Fargo's predecessors-in-interest to debtor Du Sik Kang ("Kang") and recorded on September 11, 2007 as Document #2007000554661, and later re-recorded on December 5, 2007 as Document #2007000714058 (collectively, the "Deed of Trust"), (b) a grant deed vesting title with Kang and recorded on September 11, 2007 as Document #07-554660, and later re-recorded on January 30, 2008 as Document #2008000044516 (collectively, the "Grant Deed"), and (c) the "after-acquired" or "subsequently acquired" doctrine pursuant to California Civil Code § 1106 and applicable California law;

4.      The Deed of Trust and the Grant Deed provide actual, constructive, and inquiry notice to, among others, the Trustee, of Wells Fargo's interests in the Property as of December 5, 2007, and January 30, 2008, respectively, when the Deed of Trust and Grant Deed were re-recorded;

5.      The Deed of Trust is senior and superior to any other liens which may be recorded against title to the Property after September 11, 2007;

6.      A certified copy of this Judgment may be recorded by Wells Fargo in the Official Records of the Recorder's Office of Orange County; and

7.      Each Party shall bear its/his own attorneys' fees and costs.

JUDGMENT PER STIPULATION

Exhibit 2                                                                                  Page 24

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **MOTION FOR ORDER AUTHORIZING TRUSTEE TO COMPROMISE CONTROVERSY WITH WELLS FARGO BANK, N.A, MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 26, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **February 26, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

JUDGE: Service on Judge not required pursuant to Court Manual, Appendix F
DEBTOR: Du Sik Kang, 15541 Williams St., Apt. D9, Tustin, CA 92780-4192

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 26, 2019 | Helen Cardoza | /s/ Helen Cardoza |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION (if needed):

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

**ATTORNEY FOR CREDITOR: Bhagwati Barot**     bbarot@aissolution.com
**ATTORNEY FOR INTERESTED PARTY: Young K Chang**     ybklaw3@gmail.com, r56349@notify.bestcase.com
**ATTORNEY FOR TRUSTEE: Jeremy Faith**     Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;David@MarguliesFaithLaw.com;Victoria@MarguliesFaithlaw.com
**TRUSTEE: Jeffrey I Golden (TR)**     lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
**ATTORNEY FOR DEBTOR: Jisoo Hwang**     jhwanglaw@yahoo.com
**ATTORNEY FOR INTERESTED PARTY: Sheri Kanesaka**     sheri.kanesaka@fnf.com, Christine.hipp@fnf.com
**ATTORNEY FOR INTERESTED PARTY: Nancy L Lee**     bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
**ATTORNEY FOR TRUSTEE: Noreen A Madoyan**     Noreen@MarguliesFaithLaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;David@MarguliesFaithLaw.com
**ATTORNEY FOR TRUSTEE: Monserrat Morales**     mmorales@marguliesfaithlaw.com,
Victoria@marguliesfaithlaw.com;David@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com
**ATTORNEY FOR TRUSTEE: Meghann A Triplett**     Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithLaw.com;David@MarguliesFaithLaw.com
**United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov